Freeman, J.,
delivered the opinion of the Court.
This bill is filed to enjoin a suit on a note for-tbe last payment on a purchase pf town lots in the town of Huntsville, Alabama, with tanyard and implements used in carrying on the business, and three negroes, said note dated November 1, 1861, and also-for a rescission of the contract. On coming in of *270 the answer, a motion was made to dissolve the injunction. When the Chancellor, under the rule laid down in the case of Mayse v. Biggs and wife, 3 Head, dismissed the bill for want of equity. The complainant appealed from this decree, so that the case stands here upon the question alone of the propriety of the action of the Chancellor in dismissing the bill. In this view the bill stands as if a motion to dismiss had been made for want of equity, and its allegations are to be taken as true.
The bill alledges the property to have been purchased by complainant and one Wm. J. Smith, and their joint note given for the same; that Smith was joined in the suit at law, but never served with process. It is the settled law, that when the contract is executed by conveyance, the complainant in possession under a deed with covenant of warranty of title, in the absence of fraud, eviction, or insolvency of. the vendor, equity will not relieve by rescission or by enjoining the payment of the purchase money for mere defect of title. Barnett v. Clark et al., 5 Sneed, 437. He must, in such cases, be left to his remedy at law, on the covenant of warranty in his deed. 5 Sneed, 437; 8 Hum., 519.
The allegations of the bill would seem, in part, to go on the theory that the covenant of warranty itself, the title not being good, would be a sufficient fraudulent representation to invoke the action of the court j or at any rate, to make out a case of failure of consideration, as it charges that “Norman, at the time of the sale, represented that his wife had a perfect *271 and indefeasible separate estate and title to said property, and' in said deed warranted the title against the claims of all persons.” It then alleges that Norman and wife did not have a good and valid title to the land. This theory could not be maintained; for if so, then in every case of warranty of title, whenever the title was ascertained to be defective, it would be a ground to come into a court of equity to rescind or to enjoin the collection of the purchase money, and thus the rule that eviction, fraud, or insolvency must be shown, or else the party be compelled to go on his warranty in a court of law, be practically, entirely overturned. The case of Gwinther v. Gerding, 3 Head, 198, would seem to go on this principle, however, when the vendee was held entitled to bring an action on the case for the deceit in representing that he had a good title, when, in fact, the title was defective, notwithstanding the fact that he had a deed with covenant of warranty. This case must be treated as exceptional, however, and as not disturbing the rule so long established in courts of equity as above announced.
It is insisted, however, that the fact that the vendor and covenantor in this case is a non-resident of the State of Tennessee, is a sufficient ground to give the party a standing in a court of equity for rescission or injunction against the payment of the purchase money. While we do not say but that in a case of clear want of title in the vendor, where the sale was of land in Tennessee, the parties, or the purchaser, being a resident of the State at the time *272 of the purchase, and the vendor afterward removes beyond the jurisdiction of the court to another State, or even is a non-resident when he sues for the purchase money, so that the resident purchaser has no remedy in this State on the covenants of warranty against his vendor, that a court of equity should not relieve. But that is not this case. Here the land lies in the State of Alabama, the contract was made there, the party is still in possession, and we do not think, under such circumstances, our courts should interpose on the mere ground of non-residence; a fact existent at the time of the contract, especially when the question of defect of title charged is one dependent upon regularity and validity of proceedings had in the courts of that State where the land lies; the courts of the State where the proceedings were ha.d being much better qualified to decide upon such questions than this court can possibly be. The case of Shenault v. Eaton, 4 Yerg., 103, holds that the fact of non-residence is not a sufficient ground for equity jurisdiction, where there was a covenant of warranty of title. That was a case of sale of a slave, but the principle is the same.
The next allegation of the bill on which complainant seeks relief is, that the defendant, Norman, is, and has been for many years, a lawyer .in practice in the State of Alabama, and as such knew at the time he sold said property to complainant and Smith, of the irregularities and defects in his wife’s title, as specified in the bill, and in making said sale and suppressing these facts, c'd representing and warrant *273 ing that the title was perfect, he perpetrated a fraud upon the parties purchasing. Here the allegation is of knowledge of defective title and suppression of this-knowledge, together with false representations that no defect existed. It is well settled by numerous decisions in this State, as well as elsewhere, that such false representations, with knowledge of a defect im the title, is a fraud, and the vendee may so treat it, and have rescission of the contract, nothing else appearing to interfere with .the administration of this remedy by a court of equity. Johnson v. Pryor, 5 Hay., 242, 243; Woods v. North & Johnson, 6 Hum., 309.
The question then is, Does the bill allege such defect of title, for the defect is specifically pointed out, as that Norman, representing the title to be valid, has-been guilty of fraudulent misrepresentation ? It is. charged that Susan M. Cook was one of the heirs, of said Henry Cook, the original owner of the land, and that to the proceedings under which it was sold,, she was not a party in any way, “nor was it binding on the minor children of B. A. Cook, who was a son of Henry Cook, deceased.” The last allegation standing alone would not be sufficient, as it only states a legal conclusion, but no fact, except that they are minor children of B. A. Cook, who was a son of Henry Cook, deceased, on which to base the conclusion. It may be that B. A. Cook is still alive, so far as the bill shows.
On looking, however, at the proceedings in Probate Court of Alabama, under which the' land was sold, made part of the bill as an exhibit, we find *274 that Susan Cook is represented as one of the heirs of Henry Cook, deceased, and that Thomas Hubbard is made defendant to the petition in right of his wife, Susan M., but we can not say it is the same Susan-mentioned. as one of the heirs in the first part of the petition, though we suppose it is the fact, as it is not usual to have two daughters in the same family after the same first name. As a matter of course, if the said Susan M. is one of the heirs óf the deceased ancestor, and not a party to the proceedings, the proceeding would be void as to her. It is a principle of universal jurisprudence that no party is bound, or can be effected in his title by decrees of a court, to which he is not a party in some way, subject to the apparent exception of proceedings in rem in admiralty cases and contested wills. These exceptions are more apparent than real, however, as all parties having an interest have the right to come in and be made parties, under well defined rules adopted by the courts and the Legislature.
Upon examination of the record, we deem it unnecessary, perhaps improper, to decide definitely upon the question of validity of title as set out in complainant’s bill, as the case must go off on another ground. The purchase was made by Merriman and Smith jointly, the conveyance taken to them jointly, their joint note given for the balance of the purchase money. We can see no principle on which a bill can be filed by Merriman alone to have the contract rescinded. It is an entire thing, a rescission must be of the contract as to the entire land. We can *275 not rescind this contract as to the interest of Merriman, and leave it intact as to Smith; nor can we see how it can be maintained that one co-purchaser can have the right to repudiate the contract he has entered into jointly with another, without his assent. He could not have, purchased or made a binding contract for the land in their joint names, without the assent of the other, nor can he, after the assent of the other party to the purchase, be allowed to dis-affirm that purchase without the assent of his co-ven-dee. It is not a case of partnership where each is the agent of the other, but simply of joint purchasers of land. In this view of the case’ the decree of the Chancellor must be affirmed, and the- bill dismissed, but without prejudice to the rights of the parties, should they think proper to bring a suit for assertion of the equities claimed in this bill and recognized by this opinion. Costs will be paid by appellants.